| | |
|---|---|
| **UNUM LIFE INSURANCE COMPANY** ) | |
| **OF AMERICA,** ) | |
|         **Plaintiff,** ) | |
| ) | |
|   **v.** ) | **Order** |
| ) | |
| ) | |
| **DERRICK MACK, et al.,** ) | |
|         **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** comes before the court on Defendants Patricia Nichols,

individually and as Administratrix of the Estate of Tasha Nichols Mack, and Melvin

Nichols' Motion for Summary Judgment against Defendant Derrick Mack in this interpleader

action.  (Doc. No. 53).  On April 25, 2011, this court issued an Order requiring *pro se* Defendant

Derrick Mack to file a response by May 10, 2011. Defendant Mack has failed to file any

response.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In May 2003, Tasha Nichols Mack died as a result of stab wounds.  She was the daughter

of Patricia and Melvin Nichols.  Her husband, Derrick Mack, plead guilty to second degree

murder for Tasha Mack's death.

Before her death, Tasha Mack was as an employee of Zenith Insurance Company and

participated in an employee benefit plan funded by a group life insurance policy issued by

Plaintiff UNUM Life Insurance Company.  Derrick Mack was listed as the sole beneficiary of

Tasha Mack's life insurance.  On May 19, 2004, UNUM interplead Mr. Mack, individually and

as administrator of Tasha's estate, and Mr. and Ms. Nichols individually as parties defendant.

UNUM subsequently deposited $294,470.67 with the court. Following Mr. Mack's guilty plea, the Clerk of Mecklenburg County Superior Court replaced Mr. Mack with Ms. Nichols as the new administrator of Tasha's estate. UNUM has agreed that the life insurance policy will either be paid to Mr. and Ms. Nichols or to Derrick Mack.

On March 1, 2011, Mr. and Ms. Nichols filed a Motion for Summary Judgment against Derrick Mack asking the court to declare Derrick Mack ineligible for the life insurance benefits as a matter of law and then either distribute the benefits equally between Mr. and Ms. Nichols or, in the alternative, to Patricia Nichols in her role as administrator of Tasha Nichols' Estate.

## II. <u>ANALYSIS</u>

The benefits issued by UNUM Life Insurance Company are governed by the Employee Retirement Income Security Act of 1974 (ERISA). Complaint ¶ 5. ERISA does not explicitly address whether a beneficiary is barred from recovering life insurance if he kills the participant whose life was insured. *Addison v. Metro. Life Ins.* Co., 5 F.Supp.2d 392, 393 (W.D. Va. 1998). To support the proposition that Mr. Mack should be barred from receiving benefits from his deceased wife's policy, Mr. and Ms. Nichols provide two potential sources of authority, North Carolina's "slayer" statute or, in the alternative, federal common law.

A. **North Carolina's Slayer Statute**

Under North Carolina law, a person guilty of willfully or unlawfully killing another is labeled a slayer. N.C. Gen. Stat. § 31A-3(d) (2006). The definition of slayer includes those convicted of second degree homicide. *Id.*; *see also* § 14-17 (1993). Slayers are ineligible for any and all benefits from their victim's estate. § 31A-4(1).

Therefore, if North Carolina statutory law governs this action, it is undisputed that Mr. Mack would be barred from receiving life insurance benefits from UNUM. But, if ERISA

preempts slayer statutes, the statutory law would be irrelevant. ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." However, the only guidance indicating that ERISA preempts slayer statutes has come in the form of dicta. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 151 (2001); *Emard v. Hughes Aircraft Co*., 153 F.3d 949, 959–960 (9th Cir. 1998). Respect for state sovereignty weighs against allowing ERISA to preempt another area of state law. However, the court need not decide the issue of ERISA preemption in this case because it does not affect the outcome.

### B. Federal Common Law and Slayer-Beneficiaries

Even if ERISA preempts state law, federal common law compels the court to deny Mr. Mack access to his victim's life insurance policy. It is a long-standing equitable principle that "no person should be permitted to profit from his own wrong." *Prudential Ins. Co. v. Tull*, 690 F.2d 848, 849 (4th Cir. 1982) (per curiam) (citations omitted). Allowing Mr. Mack to collect the life insurance policy would directly frustrate the equitable principles underlying federal common law. Mr. Mack is therefore ineligible to receive benefits from the UNUM life insurance policy.

Summary judgment is, of course, appropriate when there are "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). UNUM concedes that if Derrick Mack is disqualified, Melvin and Patricia Nichols may be the proper beneficiaries of their daughter's life insurance policy. Complaint ¶ 10. Mr. Mack has not disputed, and the court finds no issue with, Mr. and Ms. Nichols' assertion that Mr. Mack is ineligible for the life insurance benefits issued by UNUM Life Insurance Company. Accordingly, **IT IS THEREFORE ORDERED:**

1.     That the Defendants Melvin and Patricia Nichols' Motion for Summary Judgment

       is **Granted**; and

2.     That the $294,470.67 deposited by UNUM with the court shall be distributed

       equally between Melvin and Patricia Nichols.


                                   Signed: June 21, 2011

                                   Graham C. Mullen
                                   United States District Judge